**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>DOUGLAS PHILLIP HEFEL and<br>SHEILA KAY HEFEL,<br><br>      Debtors.<br><br><br>DUTRAC COMMUNITY CREDIT UNION,<br><br>      Appellant,<br><br>vs.<br><br>SHERYL SCHNITTJER, Chapter 7 Trustee,<br><br>      Appellee. | Chapter 7 Bankruptcy<br><br>Bankruptcy Case No. 10-02787<br><br>District Court Case No. 11-CV-1045-LRR<br><br>**ORDER** |

The matter before the court is Appellant DuTrac Community Credit Union's "Motion for Stay Pending Appeal of Bankruptcy Court's Order Approving Trustee's Motion to Compromise" ("Motion") (docket no. 6). Appellant filed the Motion on October 19, 2011. The same day, Appellee Sheryl Schnittjer, Chapter 7 Trustee, filed a Resistance (docket no. 8). On October 20, 2011, the undersigned held a hearing on the Motion. Kevin C. Papp represented Appellant, and Abbe M. Stensland represented Appellee at the hearing.

In the Motion, Appellant requests that the court stay the Bankruptcy Court's September 19, 2011 Order, which granted the Trustee's motion to compromise, until Appellant's appeal with this court is decided. *See* Order, Appellant Ex. 6 (docket no. 6-7);

Notice of Appeal, Appellant Ex. 8 (docket no. 6-9).  Whether the court should grant a stay under Bankruptcy Rule 8005 depends on the following four factors: "'(1) whether the stay applicant has made a strong showing that [the applicant] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  "The most important factor is the appellant's likelihood of success on the merits."  *Id*.  The standard for setting aside a bankruptcy court's approval of a settlement is plain error or abuse of discretion. *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008).  The settlement should be set aside only if it falls "below the lowest point in the range of reasonableness."  *Id*. (quoting *In re Martin*, 212 B.R. 316, 219 (B.A.P. 8th Cir. 1997)).

       The court has considered each of the above factors and concludes that a stay in this case is inappropriate.  Specifically, the court finds that there is a low likelihood of success on appeal because of the high standard required for setting aside the approved settlement. *See id*.  While under the settlement Appellant stands to recover a low percentage of what it is owed, the court finds that this, without more, is insufficient to support a finding that the compromise as a whole is unreasonable.  Consequently, Appellant has not made a strong showing that it is likely to succeed on appeal.  Additionally, the court finds that the evidence relating to the other three factors weighs against granting a stay.

       For the foregoing reasons, the Motion (docket no. 6) is **DENIED**.

       **IT IS SO ORDERED**.

**DATED** this 20th day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA